UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



GEORGE MASON UNIVERSITY
FOUNDATION, INC.,

　　　　　　　　　　　　　　Plaintiff,

v.

THOMAS W. MORRIS, in his individual
capacity, and

SHARON DUNCAN, in her individual
capacity,

　　　　　　　　　　　　　　Defendants.

Civil Action No. 3:11-CV-848

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Dismiss or in the Alternative, Motion to Transfer, filed by *pro se* Defendants Thomas W. Morris and Sharon Duncan. (ECF No. 6.) After examining the record and the briefs filed by both parties, the Court finds that oral argument is unnecessary because the facts and contentions are adequately presented and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons that follow, the Court DENIES the Defendants' Motions.

### I. BACKGROUND

This controversy arises out of a judgment in the amount of $100,000 entered by the Circuit Court of Virginia Beach against Defendants Thomas W. Morris and Sharon Duncan, jointly and severally, in favor of The George Mason University Foundation ("GMUF"), for attorneys' fees and costs incurred by GMUF for the Defendants' contempt of court and defiance of court orders.

1

The judgment and finding of contempt arose from litigation initiated by the Defendants on or about March 7, 2007, in the Circuit Court of Virginia Beach over the guardianship of their mother, Amy Falcon Morris ("Morris"), and the control of her estate valued at roughly $2 million, after she lost her capacity due to Alzheimer's disease. The Defendants are Morris's only children. The court granted GMUF leave to intervene in the guardianship matter as a respondent. The court also appointed a guardian *ad litem* for Morris and enjoined the Defendants from making any distributions out of Morris's estate during the pendency of the guardianship matter other than distributions for costs directly related to her care.

The Defendants removed their mother, allegedly against medical advice, from a Virginia Beach hospital to Alabama during the pendency of the Virginia Beach proceedings. They then filed competing actions in Alabama state court to be appointed as guardian and conservator of Morris, without providing notice to the parties in the pending Virginia action which they initiated, and transferred all of Morris's assets to their names. The Alabama court stayed the Alabama proceedings during the pendency of the Virginia action on June 29, 2007.

The action pending in the Circuit Court of Virginia Beach went to trial on February 28 and 29, 2008. By Decree, dated February 29, 2008, the court invalidated the transfers of Morris's estate to the Defendants and ordered the Defendants to return the assets to the estate. The Defendants appealed the Court's Decree to the Supreme Court of Virginia. Finding no reversible error, the Supreme Court of Virginia denied the Defendants' writ of appeal and motion for rehearing.

On December 19, 2008, the Circuit Court of Virginia Beach entered a Final Order and Judgments, which, *inter alia*, entered a final judgment in the amount of $100,000 against the Defendants in favor of GMUF. The Defendants appealed the court's Final Order and Judgments. The Court of Appeals of Virginia denied the Defendants' appeal petition for rehearing *en banc*

and granted summary affirmance of the Final Order and Judgments of the Circuit Court of Virginia Beach. The Supreme Court of Virginia also refused the Defendants' petitions for appeal and rehearing.

Because the Defendants failed to pay GMUF under the December 2008 judgment entered against them, GMUF filed a Complaint in this Court on December 21, 2011, requesting the Court to enter judgment against the Defendants, jointly and severally, in favor of GMUF in an amount equal to:

(a) $100,000;

(b) all accrued but unpaid interest at an interest rate of 6%;

(c) all of the costs and expenses incurred by GMUF in enforcing the judgment; and

(d) such other relief as the Court deems reasonable and just.

The Defendants now move to dismiss the case due to lack of personal jurisdiction, collateral estoppel and *res judicata*, or in the alternative, move to transfer venue to the United States District Court for the Middle District of Alabama.

## II. MOTION TO DISMISS

### 1. Personal Jurisdiction

#### a. Applicable Law

In order to survive a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(2) for lack of personal jurisdiction, the court must consider whether the plaintiff has made a *prima facie* showing of personal jurisdiction over the non-resident defendant based on the defendant's conduct with the forum state. To do so, the court must first determine whether Virginia law authorizes jurisdiction; and second, whether the defendant has "certain minimum contacts with [Virginia] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice," so that personal jurisdiction over the

3

non-resident defendant comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). In determining whether the plaintiff has met this *prima facie* burden, "the court . . . must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Brooks v. Motsenbocker Advanced Devs., Inc.*, 242 F. App'x 889, 890 (4th Cir. 2007).

Under the Virginia long-arm statute, a Virginia court may exercise personal jurisdiction "over a person . . . as to a cause of action arising from the person's . . . transacting any business" in Virginia. Va. Code Ann. § 8.01-328.1(A). This statute has been construed to extend personal jurisdiction to the full extent permitted by the Due Process Clause. *Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*, 229 F.3d 448, 450 (4th Cir. 2000). To satisfy the constitutional due process requirement, a defendant must have sufficient "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation and quotation marks omitted). The minimum contacts test requires the plaintiff to show that the defendant "purposefully directed his [or her] activities at the residents of the forum" and that the plaintiff's cause of action "arise[s] out of" those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation and quotation marks omitted). The test is meant to ensure that a defendant is not "haled into a jurisdiction" unexpectedly. *Id.* at 475.

The due process requirements for asserting specific personal jurisdiction consist of "(1) the extent to which the defendant purposefully availed [himself or herself] of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction

4

would be constitutionally reasonable." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (citation and quotation marks omitted). Once a court has determined that a defendant has purposefully availed himself or herself of the privilege of doing business there, the court must consider the additional factors of reasonableness, which include: "(1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." *Consulting Eng'rs Corp.*, 561 F.3d at 279 (citing *Burger King*, 471 U.S. at 477).

### b. Parties' Arguments

The Defendants move the Court to dismiss GMUF's Complaint in its entirety for lack of personal jurisdiction. In support of their Motion to Dismiss, the Defendants state that Defendant Morris is an Alabama citizen and resides in Montgomery, Alabama; Defendant Duncan is a Maryland citizen and resides in Havre de Grace, Maryland; and GMUF is a Virginia corporation, which the Defendants contend has already previously submitted to Alabama jurisdiction for matters related to this case.

The Defendants argue that the basis of GMUF's lawsuit involves events that took place almost exclusively in Alabama relating to the Defendants' mother who resided in Alabama from May 1, 2007, until her passing on March 25, 2011. The Defendants contend that while they did initially file a petition in Virginia, they immediately "legally and properly" nonsuited it and filed a petition in Alabama, where Morris chose to live out the remainder of her life. (Mot. Dismiss ¶ 3.) GMUF intervened in the action in the Probate Court of Montgomery County, Alabama under a general appearance seeking a dismissal or stay so that the parties could continue the proceedings in Virginia. The Probate Court of Montgomery County,

Alabama probated Morris's estate in April 2011, and the Defendants sought to be the sole beneficiaries of the estate. The Defendants allege that GMUF proffered no challenge to the will or made any claims against the Defendants for the alleged judgment. The Defendants assert that rules of procedure and Alabama law require that GMUF should have filed a claim within six months of when Letters of Testamentary were issued to Defendant Morris as executor. GMUF's failure to do so renders any future claims null and void. Therefore, the Defendants argue that the Court lacks personal jurisdiction over them.

In opposition, GMUF argues that the Court does have personal jurisdiction over the Defendants. GMUF contends that the Defendants initiated a lawsuit resulting in the judgment at issue in Virginia state court, proceeded to trial in that lawsuit, had an order entered against them at the conclusion of the trial, and appealed the court order to both the Court of Appeals of Virginia and the Supreme Court of Virginia. GMUF asserts that the Defendants availed themselves of Virginia courts and now argue that the Court lacks personal jurisdiction after having not obtained their desired result in Virginia.

GMUF argues that the Defendants purposefully availed themselves of the privilege of conducting activities in Virginia when they invoked the benefits and protections afforded by Virginia. The Defendants brought a lawsuit in Virginia courts and petitioned for appeal in the Court of Appeals of Virginia and the Supreme Court of Virginia. Furthermore, GMUF's claims arise out of activities directed at Virginia as the judgment it seeks to enforce resulted from a lawsuit initiated in Virginia. Moreover, specific jurisdiction is reasonable. The Defendants' contention that litigating in Virginia would impose an undue burden is "disingenuous," as they chose Virginia to originally file a lawsuit. (Pl.'s Opp'n 6.) Virginia also has a strong interest in adjudicating the dispute because the dispute involves enforcing a judgment entered by a Virginia court.

Finally, GMUF argues that the Defendants must offer a "compelling case" for why jurisdiction is unreasonable in order to defeat personal jurisdiction. (Pl.'s Opp'n 6.) The Defendants contend that they legally and properly nonsuited the action they filed in Virginia. However, the Circuit Court of Virginia Beach found their attempt to nonsuit defective and denied it. According to GMUF, the Defendants clearly knew the case was not nonsuited in that the case proceeded to trial resulting in the judgment at issue, and the Defendants unsuccessfully appealed the denial of the nonsuit to the Supreme Court of Virginia. Moreover, the Defendants' statement that the basis of the lawsuit involves "events that took place almost exclusively in the State of Alabama" is not supported by the facts, as this case involves enforcing a judgment entered by the Circuit Court of Virginia Beach. (Pl.'s Opp'n 7 (quoting Mot. Dismiss ¶ 3).) Therefore, GMUF argues that it has sufficiently proved a *prima facie* case of personal jurisdiction and the Defendants' Motion to Dismiss should be denied.

In reply, the Defendants maintain that they did not purposefully avail themselves of the privilege of conducting activities in Virginia and dispute the facts set forth by GMUF. The Defendants assert that they do not have sufficient contacts with Virginia because they legally attempted to remove themselves from the jurisdiction. They argue that the only reason they filed the petition initially in Virginia was because the Virginia Beach hospital where Morris was "tied up to a bed" would not recognize Defendant Morris's Healthcare Power of Attorney. (Defs.' Reply 4.) Moreover, the Defendants allege that the presiding judge in the Circuit Court of Virginia Beach admitted on the record that the Defendants did in fact file their nonsuit prior to GMUF's filing of counterclaims. They contend that the judge mistakenly proceeded with the matter despite the dictates of Virginia law, and submitted a response contrary to the facts when the case was on review by the Supreme Court of Virginia, which led to the dismissal of the action by the Supreme Court of Virginia.

c. **Analysis**

Under the Virginia long-arm statute, a single act in Virginia is sufficient to confer jurisdiction on Virginia courts. *Nan Ya Plastics Corp. v. DeSantis*, 237 Va. 255, 260 (1989). In *Jones v. Caldwell*, an action involving enforcement of a settlement made by insurance companies representing plaintiff former patient and defendant doctors, the court held that a defendant who purposely avails himself of the privilege of invoking the Court's authority to enjoin or stay legal proceedings seeks to invoke the benefits and protections of the state's legal system. 61 Va. Cir. 408, 413–14 (2003). The court further stated that "it does not offend traditional notions of fair play or due process to conclude that that single act was sufficient to confer jurisdiction in this state for other actions to which the [party] may be joined as [a] defendant which arose from that same transaction." *Id.* at 14.

Courts have found personal jurisdiction where a non-resident party has previously filed litigation in the forum state involving the same transaction at issue. *See, e.g., General Contracting & Trade Co. v. Interpole, Inc.*, 940 F.2d 20 (1st Cir. 1991) (party which elects to avail itself of the benefits of a state court's jurisdiction surrenders any objections to claims arising out of the same nucleus of operative facts); *Thompson v. Thompson*, 798 F.2d 1547, 1549 (9th Cir. 1986), *aff'd*, 484 U.S. 174 (1988) (defendant "purposefully availed herself of the privilege of conducting her activities in California when she invoked the benefits and protections afforded by California law by initiating an action"); *Threlkeld v. Tucker*, 496 F.2d 1101 (9th Cir. 1974) (husband's prior use of California courts against his ex-wife subjected him to long-arm jurisdiction in California in suit filed by wife fourteen months later); *Foster Wheeler Energy Corp. v. Mateallgesellshaft*, No. 91-214-SLR, 1993 U.S. Dist. LEXIS 20450 (D. Del. Jan. 4, 1993) (defendant subjected itself to personal jurisdiction in Delaware in a second suit by virtue of having previously filed its own suit in Delaware); *Lyman Steel Corp. v.*

*Ferrostaal Metals Corp.,* 747 F. Supp. 389 (N.D. Ohio 1990) (defendant's filing of a related action in federal court in Ohio subjects the defendant to personal jurisdiction in Ohio because the voluntary filing of a lawsuit is purposeful availment of that forum).

As stated before, the due process requirements for asserting specific personal jurisdiction include "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc.,* 293 F.3d at 712. Construing the facts in GMUF's favor, the Defendants purposefully availed themselves of the privilege of conducting activities in Virginia by filing the original litigation which gave rise to the judgment at issue there. Furthermore, the Defendants have a history of relevant contacts with Virginia related to the state court judgment. Indeed, they have initiated a "pattern of conscious and intentional utilization of the courts of the forum state" through their numerous appeals to the Court of Appeals of Virginia and Supreme Court of Virginia. *Threlkeld,* 496 F.2d at 1104.

GMUF's lawsuit to enforce the judgment clearly arises directly from the action filed by the Defendants in the Circuit Court of Virginia Beach. The Defendants' contention that they legally and properly nonsuited their case fails as the Circuit Court of Virginia Beach denied the nonsuit, the case proceeded to trial, and the Defendants unsuccessfully appealed the court's order. Additionally, the exercise of personal jurisdiction is constitutionally reasonable as it was the Defendants' original choice to sue in Virginia and there is "no conceivable unfairness" in finding that they consented to personal jurisdiction by filing the original suit. *Foster*

*Wheeler Energy Corp.*, 1993 U.S. Dist. LEXIS 20450, at *12. Therefore, the Court DENIES the Defendants' Motion to Dismiss for lack of personal jurisdiction.[1]

## 2. *Res Judicata* and Collateral Estoppel

### a. Applicable Law

Under the theory of *res judicata*, or claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). *Res judicata* bars such claims only when the following are satisfied: "(1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; (2) the parties are identical, or in privity, in the two actions; and, (3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding." *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999).

The doctrine of collateral estoppel, or issue preclusion, bars relitigation of an issue or fact when "(1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding." *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004).

### b. Parties' Arguments

The Defendants allege that the issues used to justify the judgment in Virginia were heard before the Alabama court that ultimately dismissed GMUF's efforts to domesticate the

---

[1] The Court also rejects the Defendants' Motion to Dismiss on the basis that venue is improper under Federal Rule of Civil Procedure 12(b)(3), as the Defendants seem to confuse improper venue with a request to transfer based on *forum non conveniens*, and venue is proper, as discussed *infra*.

10

judgment. The Defendants argue that GMUF has violated *res judicata* and collateral estoppel by "attempting to retry" these events in a seemingly more favorable venue after the dismissal in Alabama and their failure to appeal Alabama court's decision from June 23, 2011. (Mot. Dismiss ¶ 5.) The Defendants state that where there are two inconsistent judgments, the latest is binding and conclusive on the courts. Thus, continued pursuit of this matter by GMUF is "a frivolous abuse of this Court." (Mot. Dismiss ¶ 5.)

In response, GMUF asserts that motions to dismiss under both theories are properly reviewed under the standard for Rule 12(b)(6), and the Defendants have moved to dismiss pursuant to only Rules 12(b)(2) and 12(b)(3). In addition, both affirmative defenses may only be raised if they "clearly appear on the face of the complaint." However, nothing in the Complaint suggests that either theory requires its dismissal. Therefore, GMUF argues that the Defendants' Motion to Dismiss based on *res judicata* and collateral estoppel should be denied.

GMUF further asserts that neither theory requires dismissal of this case because the issue currently before the Court has not been and could not have been previously litigated. First, none of the four factors required for collateral estoppel are present. GMUF has not litigated to enforce the judgment at issue in any forum. GMUF argues that the Circuit Court of Montgomery County, Alabama actually dismissed the case initiated by the Trust Company of Virginia as conservator of Morris to domesticate and enforce a judgment rendered in her favor, because her death rendered further proceedings unnecessary. Similarly, as GMUF has never sought to enforce the judgment against the Defendants, and therefore, is not bringing the same cause of action against the same parties, none of the necessary elements of claim preclusion are met. Therefore, GMUF argues that *res judicata* and collateral estoppel cannot bar its claim.

In reply, the Defendants focus again on the Alabama action that was subsequently dismissed. The Defendants argue that "[t]he Full Faith and Credit statute requires a federal court to give a state court judgment the same preclusive effect as the courts of the rendering state." (Defs.' Reply 6.) The Defendants also assert that GMUF is asking the Court for a reaffirmation of a judgment issued in Virginia state court that was dismissed by the Alabama court, and therefore, GMUF's action should now be rendered moot. According to the Defendants, GMUF should have asked for a reconsideration of the Alabama court's decision or appealed if GMUF felt an error was made.

c. Analysis

Based on the facts set forth in the Complaint and subsequent filings, the Defendants' claim that GMUF is attempting to relitigate the enforcement of the judgment in Virginia court after failing to domesticate the judgment in Alabama courts is simply incorrect. The case relied upon by Defendants is one initiated in May 2011 by the Trust Company of Virginia, not GMUF, for enforcement of the judgment rendered in favor of Morris. That case was dismissed by the Circuit Court of Montgomery County, Alabama upon the death of Morris on June 23, 2011. As GMUF is not attempting to relitigate this issue since it was not a party to the action addressed by the Defendants nor did it have a full and fair opportunity to litigate the claim, the Defendants' arguments that the theories of *res judicata* and collateral estoppel, Full Faith and Credit, and the mootness of the action require dismissal of the claim fail. Accordingly, the

Court DENIES the Defendants' Motion to Dismiss on the bases of *res judicata* and collateral estoppel.[2]

### III. MOTION TO TRANSFER VENUE

#### 1. Applicable Law

In diversity cases, venue is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). A diversity action may also be brought in a judicial district where any defendant resides, if all defendants reside in the same state, or where any defendant is subject to personal jurisdiction, if there is no other district in which the action may be brought. 28 U.S.C. § 1391(a)(1), (3). As a result of the "substantial part" wording of § 1391, it is possible for venue to be proper in several judicial districts. *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004).

A district court may transfer a civil action to any other district or division where it could have originally been brought if in the interest of justice or for the convenience of parties and witnesses. 28 U.S.C. § 1404(a). The court in determining whether to grant a motion to transfer venue "must consider and balance a number of factors, including ease of access to sources of proof; the convenience of the parties and witnesses; the cost of obtaining the attendance of witnesses; the availability of compulsory process; the interest in having local

---

[2] In their reply brief, the Defendants attempt to raise two new grounds for dismissal of the Complaint under the Local Rules. First, the Defendants assert that GMUF failed to timely file its response pursuant to Local Civil Rule 7(F). Local Civil Rule 7(F) provides eleven days for the filing of a responsive brief, plus three additional days if service occurs through the Court's electronic filing system pursuant to Federal Rule of Civil Procedure 5. *See* Fed. R. Civ. P. 6(d). Because GMUF filed its responsive brief through the electronic case management system exactly fourteen days after the Defendants filed their Motions, GMUF's response was timely. The Defendants also assert that GMUF failed to properly provide a notice to them pursuant to Local Civil Rule 7(K) consistent with the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Under *Roseboro*, a pro se plaintiff is entitled to "fair notice" by the opposing party following the filing of a dispositive motion. *Roseboro*, 528 F.2d at 310. However, *Roseboro* does not apply here as GMUF has not filed a dispositive motion against the *pro se* Defendants. Rather, the Defendants have filed a dispositive motion against GMUF. *See* E.D. Va. Loc. Civ. R. 7(K).

controversies decided at home . . . and the interest of justice." *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000).

### 2. Parties' Arguments

In the alternative their Motion to Dismiss, the Defendants argue that transfer to the Middle District of Alabama is appropriate as several Alabama witnesses would be "grossly inconvenienced" by having to travel to Richmond. Additionally, the transfer should be granted to "shield the defendants from possible discrimination" in the foreign forum. The Defendants state that a "court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice." (Mot. Transfer ¶ 6.)

In response, GMUF asserts that because jurisdiction is based on diversity of citizenship, and the Defendants reside in different states, venue is proper in the district where a substantial part of the events giving rise to the claim occurred. GMUF contends that the entry of judgment against the Defendants by the Circuit Court of Virginia Beach and the denial of appeals within the Eastern District of Virginia make venue proper. GMUF also argues that the Defendants have neither met their burden of showing that their proposed venue is more convenient than GMUF's chosen venue nor shown how the chosen forum is inconvenient. According to GMUF, the Defendants' bald assertion that Defendant Morris and several Alabama witnesses would be grossly inconvenienced by the long-distance traveling is not enough to meet the Defendants' burden. Further, the Defendants have failed to show how Alabama is a more convenient forum for all parties, as the parties are located in Virginia, Maryland, and Alabama.

In reply, the Defendants reassert their arguments that the present venue is improper as Defendant Morris and several witnesses would be grossly inconvenienced and the

Defendants would face possible discrimination in a foreign forum. The Defendants also argue that litigating a legal matter in a forum "which adversely affects their ability to put forth a defense" runs contrary to the Due Process Clause of the Constitution. (Defs.' Reply 8.) The Defendants assert that they both maintain residences in Maryland and Alabama, have no ties to Virginia, and that Defendant Duncan has already submitted to the jurisdictional authority of the Alabama courts in previous litigation involving Morris's estate.

### 3. Analysis

Since venue may be proper in more than one district, the Fourth Circuit has determined that in deciding whether a "substantial" part of the events or omissions under which a claim arose occurred in a district, a court should not only look to the events that directly underlie the claim at issue, but "should review the entire sequence of events underlying the claim." *Mitrano*, 377 F.3d at 405 (quotation marks omitted). Therefore, venue may be proper in more than one district, eliminating the need to identify the district with the most significant connection to the claim at issue. The claim at issue involves the enforcement of a judgment entered in Circuit Court of Virginia Beach arising from litigation initiated by the Defendants in that court. Venue, therefore, is proper in the Eastern District of Virginia, in which Virginia Beach is located.

While the decision to transfer is in the sound discretion of the reviewing court, a plaintiff's choice of venue is given "substantial weight." *Koh v. Microtek Int'l. Inc.*, 250 F. Supp. 2d 627, 633 (E.D. Va. 2003). The Defendants discuss the inconvenience to Defendant Morris and the Alabama witnesses in GMUF's chosen forum. However, convenience of the parties rarely, if ever, justifies transfer, as the transfer would "merely shift the balance of inconvenience" from the defendant to the plaintiff. *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1259 (E.D. Va. 1988); *E. Scientific*

*Mktg., Inc. v. Tekna-Seal, Inc.*, 696 F. Supp. 173, 180 (E.D. Va. 1988). Convenience to *non-party* witnesses may carry more weight in favor of transfer. *Koh*, 250 F. Supp. 2d at 636. However, the defendant has the burden "to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *Id.* While transfer of venue may be brought in the early stages of litigation when it could be difficult to identify all trial witnesses and the matter upon which they will testify, the Defendants' failure to produce *any* evidence of inconvenience, besides stating that Defendant Morris and unidentified witnesses would have to travel a great distance, weighs against transfer. *See Prod. Group Int'l v. Goldman*, 337 F. Supp. 2d 788, 800 (E.D. Va. 2004). As GMUF's choice of venue is entitled to substantial weight, party convenience is given less weight, and the interests of justice do not weigh in favor of a transfer, the Court DENIES the Defendants' Motion to Transfer the case to the Middle District of Alabama.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES the Defendants' Motions.

Let the Clerk send a copy of this Memorandum Opinion to all parties and counsel of record.

An appropriate order shall issue.

It is SO ORDERED.

                                            /s/
                          James R. Spencer
                        United States District Judge

ENTERED this 11th day of April 2012.