UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GEORGE MASON UNIVERSITY FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> THOMAS W. MORRIS, in his individual capacity, and <br><br> SHARON DUNCAN, in her individual capacity, <br><br> Defendants. | Civil Action No. 3:11–CV–848 |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Third Party Defendant, The Trust Company of Virginia's ("TCVA") Motion to Dismiss or Alternatively Motion to Transfer. (ECF Nos. 86, 88.) For the reasons stated below, TCVA's Motion to Transfer is GRANTED. The Court declines to address TCVA's alternative Motion to Dismiss.

### I. FACTUAL BACKGROUND

Defendants are the only children of Amy Morris ("Ms. Morris"). On or about March 7, 2007, Defendants Thomas W. Morris and Sharon Duncan brought forth proceedings in the Circuit Court of Virginia Beach, Virginia ("Virginia Circuit Court") seeking to be appointed as guardians and conservators for their mother when she lost her capacity. Plaintiff George Mason University Foundation ("GMUF") and Third Party Defendant TCVA were granted leave to intervene in the guardianship and conservatorship matter.

Plaintiff alleges that without notifying the parties, the court, or her appointed guardian *ad litem* and counsel in the guardianship matter, Defendants removed their mother (against medical advice) from the Virginia Beach hospital where she was receiving care to Alabama. Defendants then reportedly filed a competing action to be appointed as her guardian and conservator in the Probate Court of Montgomery County ("Alabama Probate Court"). The Alabama Probate Court stayed its proceedings on June 29, 2007 in light of the already pending guardianship matter in Virginia. Plaintiff further alleges that Defendants wrongfully transferred their mother's property—including her bank accounts and Virginia Beach home—to themselves while the guardianship matters were pending, in violation of the Virginia Circuit Court's injunction.

Defendants allege that they moved Ms. Morris to an assisted living facility located in Alabama at her request on April 30, 2007. They assert that they properly informed the Virginia Circuit Court and the guardian *ad litem* of the move. They aver that the move was in the best interest of Ms. Morris, who had no relatives or any other close contacts in the state of Virginia. They contend that, on May 5, 2007, Ms. Morris signed a Deed of Gift, which was witnessed and notarized by Attorney Mark Chambless, transferring ownership of her home in Virginia to Defendants. Additionally, they aver that Ms. Morris executed paperwork, which gifted her stock accounts to Defendants and added Defendant Morris's name as Attorney-in-fact under a 2003 durable power of attorney to her savings and checking accounts, so that her bills could be timely paid. Lastly, they contend that Ms. Morris consulted with Attorney Chambless regarding the preparation of a new will. On or about May 18, 2007, Defendants allege that Ms. Morris prepared a new will ("2007 Will") of which the beneficiaries were the Defendants and Defendant Duncan's children.

On February 28 and 29, 2008, the Virginia Circuit Court held a hearing at which all parties were heard, reports were submitted by the guardian *ad litem*, medical information was presented to the court, evidence was presented, and oral argument was heard. The Virginia Circuit Court held that it had jurisdiction over the matter because Ms. Morris was a current resident of Virginia. It further held that Ms. Morris was incapacitated, as of February 22, 2007, and was incapable of managing her property, financial affairs, or personal affairs. The Court appointed TCVA as conservator, Karen G. Loulakis ("Ms. Loulakis") as Ms. Morris's attorney, and Defendant Morris as guardian of Ms. Morris. The Court further ordered all of Ms. Morris's real property and personal assets that Defendants previously transferred to themselves (amounting to $1,570,474.70.00) be transferred to TCVA. Lastly, the Virginia Circuit Court held Defendants in contempt of court and ordered them to pay reasonable attorneys' fees of GMUF. At the time, Ms. Morris's estate was valued at roughly $2,000,000.00.

Defendants unsuccessfully appealed to the Virginia Supreme Court and the Virginia Circuit Court entered a Final Order and Judgments on December 19, 2008 against Defendants, jointly and severally, for Ms. Morris in the amount of $1,125,222.00, and for GMUF in the amount of $100,000.00—finding the latter amount to be the portion of attorneys' fees and costs incurred by Plaintiff as a result of Defendants' contempt of court. The Virginia Court of Appeals affirmed the Virginia Circuit Court's judgments and the Supreme Court of Virginia refused Defendants' petition for appeal and denied their petition for rehearing.

On June 8, 2009, GMUF was joined as an indispensable party to a suit between TCVA as Plaintiff and Defendant Morris in the Circuit Court of Montgomery County, Alabama ("Alabama Circuit Court"). On September 21, 2010, a satisfaction of judgment was filed in favor of Defendants in Alabama Probate Court where Ms. Morris waived any claims the estate had against Defendants. The matter then came before the Circuit Court of Montgomery

3

County, Alabama. While the Alabama Circuit Court case was pending, Ms. Morris passed away on March 25, 2011 in the state of Alabama. Defendant Morris was then granted letters of testamentary and appointed as the Executor of Ms. Morris's estate on April 7, 2011 by the Alabama Probate Court pursuant to the 2007 Will. Defendants also assert that the Alabama Probate Court determined that Ms. Morris was mentally capable of bequeathing her estate in the 2007 Will. On June 23, 2011, the Alabama Circuit Court dismissed TCVA's case because further proceedings were unnecessary.

Ms. Loulakis and GMUF filed a joint complaint in the Virginia Circuit Court in order to probate a will created by Ms. Morris on November 24, 1998 ("1998 Will"). On August 12, 2011, the Virginia Circuit Court denied Defendants' motion to dismiss and held that venue and jurisdiction for the probate of the 1998 Will was properly before the court. The Circuit Court further held that the 1998 Will was Ms. Morris's final will and testament, and acknowledged Ms. Loulakis as the Executor and trustee pursuant to the 1998 Will. Further, the Virginia Circuit Court held that the Alabama courts lacked jurisdiction over the estate of Ms. Morris because she was not domiciled in Alabama at the time of her death.

On July 29, 2011, the Circuit Court for Harford County, Maryland held that a judgment against Defendants indexed by TCVA on January 9, 2009 was satisfied when Defendant Morris waived any claims Ms. Morris's estate had.

On August 17, 2011, the Alabama Probate Court denied TCVA's Motion to Vacate Order to Compel Funds and further directed that all funds currently being held by TCVA on behalf of Ms. Morris be released and turned over to Defendant Morris as Executor. The Alabama Probate Court also held that no legal fees were to be paid with the estate funds without leave of the court and that the costs of the proceedings were to be taxed against TCVA.

On October 27, 2011, the Virginia Circuit Court entered an order in response to an amended complaint by TCVA and a motion to dismiss by Defendants. TCVA sought relief in its amended complaint because it received competing demands to Ms. Morris's property by multiple people purporting to be successors in interest to Ms. Morris's estate. The Virginia Circuit Court explicitly held that Ms. Loulakis was the sole successor in interest to Ms. Morris and, therefore, ordered TCVA to pay over and deliver the December 19, 2008 judgment and all remaining assets of Ms. Morris's estate to Ms. Loulakis. In accordance with this order, TCVA assigned its interest in the December 19, 2008 judgment to Ms. Loulakis. On November 26, 2012, Ms. Loulakis assigned all of the estate's right, title, and interest in the December 19, 2008 judgment against Defendants to GMUF.

On January 24, 2013, an Alabama Probate Court certified letters of testamentary granted to Defendant Morris on April 7, 2011.

## II. PROCEDURAL HISTORY IN THIS COURT

Plaintiff GMUF brought suit in this Court on December 21, 2011 seeking to enforce a Virginia court award for attorneys' fees and costs entered jointly and severally against Defendants Thomas W. Morris and Sharon Duncan. Defendants filed a Motion to Dismiss on January 19, 2012 and a Motion to Transfer on January 23, 2012. This Court denied Defendants' Motions to Dismiss and Transfer on April 11, 2012. Defendants appealed the decision on May 20, 2012 and the Fourth Circuit dismissed Defendants' appeal for lack of jurisdiction on October 1, 2012. On May 30, 2013, Plaintiff filed a Motion for Leave to Amend its Complaint to include a claim to enforce a separate portion of the 2008 Virginia state court judgment. Plaintiff opposed this motion on June 6, 2013. Defendants filed a Motion of Objection to Plaintiff's Amended Complaint Being Considered During the Pretrial Conference on July 24, 2013. The Court held a pretrial conference on July 25, 2013. Next, Defendants filed

a Motion to Stay Proceedings on August 7, 2013, which the Court denied on August 8, 2013. The Court granted Plaintiff leave to amend its Complaint on August 13, 2013.

Under Count I of the Amended Complaint, Plaintiff claims that, under the terms of the December 19, 2008 Final Order and Judgment, Defendants owe Plaintiff an amount equal to: (a) One Hundred Thousand Dollars ($100,000.00), plus (b) all of the accrued but unpaid interest at legal judgment interest rate of 6%, plus (c) all of the costs and expenses incurred by the Foundation in enforcing this judgment. Regarding Count II, Plaintiff alleges that, under the terms of the December 19, 2008 Final Order and Judgment, Defendants are jointly and severally liable in the amount of (a) One Million One Hundred Twenty-Five Thousand Two Hundred Twenty-Two Dollars ($1,125,222.00), plus (b) all of the accrued but unpaid interest at legal judgment interest rate of 6%, plus (c) all of the costs and expenses incurred by the Foundation in enforcing this judgment.

Defendants again filed Motions to Dismiss and Transfer Case on August 26, 2013. Prior to any response, Defendants then filed a Motion for Summary Judgment on September 25, 2013. Defendants later filed an Answer, a Third Party Complaint, and a Counterclaim on September 26, 2013. Defendants' Third Party Complaint and Counterclaim consisted of ten counts including: (I) negligence; (II) wantonness; (III) conspiracy; (IV) promissory fraud; (V) fraudulent suppression; (VI) breach of fiduciary duty; (VII) wanton breach of fiduciary duty; (VIII) conversion; (IX) abuse of process; and (X) tortious interference with expectancy of inheritance.

This Court denied Defendants' second Motion to Dismiss and Motion to Transfer on October 17, 2013. Plaintiff filed its Motion for Summary Judgment on October 3, 2013. Defendants filed their Opposition on October 8, 2013. Plaintiff subsequently requested a

hearing on their Motion on the same day. The Court heard oral arguments on both Parties' motions for summary judgment at a hearing held on November 6, 2013.

TCVA recently filed its Motion to Dismiss or Alternatively Transfer on November 15 and 19, 2013. TCVA represents that Defendants' Third Party Complaint and Counterclaim is virtually identical in all material respects to another complaint filed by Defendant Morris against TCVA, GMUF, and Ms. Loulakis in the Circuit Court of Montgomery County, Alabama on October 26, 2011, and again on October 19, 2012 ("Alabama Case"). The Alabama Case was removed to the United States District Court for the Middle District of Alabama on November 20, 2012 and partially dismissed on a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). On May 17, 2013, the district court ruled that, under Alabama law, Defendant Morris could not pursue tort claims that he alleged were committed against Ms. Morris or him. *Morris v. Trust Co. of Virginia*, 2:12-CV-1020-WKW, 2013 WL 2155388, at *3-4 (M.D. Ala. May 17, 2013). The district court further granted Defendant Morris leave to amend his Complaint. *Id.* Defendant Morris filed his Amended Complaint on May 27, 2013. TCVA reports Defendant Morris's amended complaint is presently awaiting adjudication on dispositive Rule 12(b)(6) motions.

### III. DISCUSSION

#### A. Legal Standard

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Where concurrent federal proceedings exist, the first-to-file rule generally dictates which federal court decides the action. Under the first-to-file rule, when suits involving substantially the same parties and issues are filed in different federal courts, the federal court in which the first action is filed should decide it. *Allied-General Nuclear Servs. v. Commonwealth Edison Co.*,

675 F.2d 610, 611 n.1 (4th Cir. 1982). The purpose of this rule "is the avoidance of duplicative litigation and the conservation of judicial resources and to ensure judicial efficiency, consistency, and comity." *Ortiz v. Panera Bread Co.*, 1:10-CV-1424, 2011 WL 3353432, at *2 (E.D. Va. Aug. 2, 2011). Three factors must be considered to determine whether the first-to-file rule applies: "(1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake." *Harris v. McDonnell*, 5:13-CV-00077, 2013 WL 5720355, at *3 (W.D. Va. Oct. 18, 2013) (citing *Plating Res., Inc. v. UTI Corp.,* 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999)).

While the invocation of the first-to-file rule is the norm, when a court is presented with special or exceptional circumstances, or upon "the showing of balance of convenience in favor of the second action," a court may in its discretion depart from the first-to-file rule. *See Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974); *see Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (holding that "exceptions [to the first-to-file] are not rare, and are made when justice or expediency requires."); *see also Commercial Union Ins. Cos. v. Torbaty*, 955 F. Supp. 1162, 1163 (E.D. Mo. 1997) (stating that the first-to-file rule "is not applied in a 'rigid, mechanical, or inflexible' manner, but is applied to best serve the interests of justice." (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir. 1982))).

"When a determination is made by the second filed court that the two pending actions substantially overlap, then the court may, in its sound discretion, transfer the case to the first filed court pursuant to 28 U.S.[C.] § 1404(a)." *Old Republic Nat. Title Ins. Co. v. Transcon. Title Co.*, 1:07-CV-525, 2007 WL 2915171, at *3 (E.D. Va. Oct. 4, 2007) (citing *Nabors Drilling USA, LP v. Markow, Walker, P.A.*, 451 F. Supp. 2d 843, 846 (S.D. Miss. 2006)).

**IV.   ANALYSIS**

   **B. First-to-File Factors**

      1.   <u>Chronology</u>

It is clear that Defendant Morris filed his complaint in the Circuit Court of Montgomery County, Alabama before Plaintiff GMUF brought this action in this Court. Defendant Morris filed a complaint in the Circuit Court of Montgomery County, Alabama on October 26, 2011. Plaintiff GMUF filed its Complaint in this Court on December 21, 2011. The Alabama Case was removed to the Middle District of Alabama on November 20, 2012. However, the date that Defendant Morris filed his complaint in the Circuit Court of Montgomery County, Alabama is the controlling date, not the date of removal to the United States District Court for the Middle District of Alabama. *See Affinity Memory & Micro, Inc. v. K & Q Enterprises, Inc.*, 20 F. Supp. 2d 948, 954 n.10 (E.D. Va. 1998). Therefore, Defendant Morris's action in the Middle District of Alabama is first-filed.

      2.   <u>Similarity of the Parties Involved</u>

The parties in these two cases are nearly identical: Defendant Morris is the plaintiff in the related Alabama District Court case; Plaintiff GMUF is a defendant; and Third Party Defendants TCVA and Ms. Loulakis are both defendants. The only additional party is Defendant Duncan. As such, the parties are sufficiently similar for the first-to-file rule to apply

      3.   <u>Similarity of the Issues at Stake</u>

The claims asserted by Defendants in their Third Party Complaint and Counterclaim are virtually identical to those asserted in the complaint in the Alabama Case. The only differences between the Third Party Complaint and the complaint filed in the Alabama Case are that: (1) in Count IV, Defendants assert a claim of promissory fraud against TCVA as opposed to fraudulent misrepresentation; (2) in Count V, Defendants assert a claim of

9

fraudulent suppression against TCVA as opposed to fraudulent suppression against TCVA, GMUF, and Ms. Loulakis; and (3) in Count IX of the Third Party Complaint, Defendants assert an additional claim of abuse of process. Additionally, Defendants' Third Party Complaint and Counterclaim is sufficiently similar to Defendant Morris's amended complaint in the Middle District of Alabama because TCVA, GMUF, and Ms. Loulakis face tort claims regarding their respective involvement and handling of Ms. Morris's estate including claims of breach of fiduciary duty, conversion, and conspiracy.

The main difference between the two actions is Plaintiff GMUF's Amended Complaint. Plaintiff GMUF filed an action in this Court attempting to collect on a December 2008 judgment by a Virginia Circuit Court. With respect to GMUF's Amended Complaint, these two actions are facially dissimilar. However, both Plaintiff GMUF's claims in this matter and Defendant Morris's claims in the Middle District of Alabama arise from the same nucleus of facts and depend on some of the same determinations of law. It is readily apparent to the Court that both the Virginia and Alabama actions will require the same resolution of full faith and credit, tort, and res judicata issues. Particularly, Count II of Plaintiff GMUF's Amended Complaint depends on whether Virginia or Alabama state courts will be afforded full faith and credit on their determination of the probate of Ms. Morris's respective 1998 and 2007 wills. *See George Mason Univ. Found., Inc. v. Morris*, 3:11-CV-848, 2013 WL 5673409, at *7-8 (E.D. Va. Oct. 17, 2013). Defendant Morris is apparently representing himself as the Executor of Ms. Morris's estate in the Middle District of Alabama. However, his very ability to do so also depends on a determination of the probate of the 1998 and 2007 Wills. While there are differences between the two actions, this Court finds that Plaintiff GMUF's action in the Eastern District of Virginia and Defendant Morris's action in the Middle District of Alabama are similar such that one court should decide the subject matter of both actions.

### C. Exception to First-to-File Rule and Relevant Factors

The "Fourth Circuit has not stated explicitly that special [or exceptional] circumstances may warrant an exception to the first-filed rule." *Learning Network, Inc. v. Discovery Commc'ns, Inc.*, 11 F. App'x 297, 301 n.2 (4th Cir. 2001). The factors relevant to determine whether the second court should decide the case are "essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Emp'rs Ins. of Wasau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (internal quotation marks omitted). These factors include: the plaintiff's forum choice, the convenience of the parties and witnesses, and the interest of justice. 28 U.S.C. § 1404(a); *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007).

The Court has previously addressed the relevant factors pursuant to 28 U.S.C. § 1404(a) in analyzing Defendants' Motion to Transfer. *George Mason Univ. Found., Inc. v. Morris*, 3:11-CV-848, 2012 WL 1222589, at *9 (E.D. Va. Apr. 11, 2012). On April 11, 2012, the Court, without knowledge that Defendants had filed a complaint in the Alabama case, denied Defendants' Motion to Transfer, and held that GMUF's choice of venue, as plaintiff, was to be given substantial weight, party convenience was to be given less weight, and the interests of justice weighed in favor of a transfer. *Id.* The Court reaffirmed its holding applying virtually identical reasoning in a later decision on October 17, 2013. *See Morris*, 2013 WL 5673409, at *9-10.

1. <u>Plaintiff's Forum Choice and the Convenience of the Parties and Witnesses</u>

Regarding TCVA's Motion, the analysis for the "plaintiff's choice of forum" and "the convenience of the parties and witnesses" factors remains the same. Each factor weighs in favor of this Court retaining jurisdiction.

11

2. <u>The Interests of Justice</u>

The interests of justice factor "encompasses public interest factors aimed at 'systemic integrity and fairness.'" *Byerson v. Equifax Info. Servs., LLC,* 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (quoting *Samsung Elecs. Co. v. Rambus, Inc.,* 386 F. Supp. 2d 708, 721 (E.D. Va. 2005)). The most prominent elements of systemic integrity are "judicial economy and the avoidance of inconsistent judgments." *Id.* "Fairness is assessed by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Id.* (citing *Samsung,* 386 F. Supp. 2d at 721 n.16).

a. <u>Systemic Integrity</u>

"When related actions are pending in the transferee forum, the interest of justice is generally thought to 'weigh heavily' in favor of transfer." *Samsung*, 386 F. Supp. 2d at 721. "Transfer and consolidation will serve the interest of judicial economy in most cases where the related actions raise similar or identical issues of fact and law." *Id.* There is no disputing that the claims in this action and those in the Middle District of Alabama involve similar or identical issues of fact and law. As stated previously, the success of Defendant Morris's tort claims in the Middle District of Alabama and the Eastern District of Virginia and GMUF's claims in this Court likely depends, in part, on whether Virginia or Alabama state courts will be afforded full faith and credit on their determination of the probate of Ms. Morris's respective 1998 and 2007 wills. Transfer to the Middle District of Alabama promotes judicial economy by avoiding duplicative litigation. Further, it will avoid inconsistent judgments regarding the probate of Ms. Morris's respective wills and the handling of her estate. *See Byerson,* 467 F. Supp. 2d at 635. Accordingly, the Court finds that the interest of system integrity weighs heavily in favor of transfer.

b. <u>Fairness Determination</u>

The "having local controversies decided at home" factor does not weigh in favor of either party. GMUF and Defendants each attempt to indirectly enforce separate wills probated in different states—GMUF asserts that the 1998 Will, probated in Virginia, is valid and Defendants assert that the 2007 Will, probated in Alabama, is valid. Further, GMUF attempts to enforce a Virginia Circuit Court December 19, 2008 judgment for attorneys' fees while Defendants counterclaim for torts they claim took place in Alabama. As such, it is improper for this Court to prematurely speculate on the locality of this action.

The "knowledge of applicable law" factor also does not weigh in favor of either party because it is unclear whether Alabama or Virginia law should apply to Defendants' counterclaims. Upon transfer, Defendants' tort claims would likely be considered under Alabama tort law. *See Morris*, 2013 WL 2155388, at *2-4.

The "avoidance of unnecessary conflicts of law" factor weighs in favor of transfer. The determination of Count II of GMUF's Complaint is a matter of federal law. As stated previously, it is unclear whether this Court would apply Alabama or Virginia law to Defendants' claims. If the Court addresses Defendant Morris's tort claims under Virginia law and the district court in the Middle District of Alabama considers such claims under Alabama law a conflict of law could occur. A transfer of this matter would avoid any unnecessary conflict of law.

This matter has languished on the Court's docket for over two years. While it is possible that this case could move with greater dispatch on our docket, this is a minor consideration where other factors weigh so heavily in favor of transfer. *See Jaffe v. LSI Corp.*, 874 F. Supp. 2d 499, 506 (E.D. Va. 2012).

3. <u>Entirety of the Section 1404(a) Factors</u>

13

In sum, this Court finds that the section 1404(a) factors weigh in favor of the transfer of this matter to the Middle District of Alabama. The Plaintiff's forum preference and the convenience of the parties and witnesses factors weigh against transfer, but not so strongly that it overcomes the interests of justice.

## V. CONCLUSION

Because Defendant Morris's action was first-filed in the Middle District of Alabama and because the section 1404(a) factors weigh in favor of transfer, TCVA's Motion to Transfer is GRANTED. This action in its entirety is hereby transferred to the Middle District of Alabama, Northern Division. The Court declines to address TCVA's corresponding Motion to Dismiss.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this ___9th___ day of December 2013.